OPINION OF THE COURT
Dan Lamont, J.
Petitioner Schoharie County Department of Social Services *220 in the above-entitled support proceeding has filed specific written objections to the findings and order of dismissal of Hearing Examiner James A. Spencer dated November 15, 1989 and entered November 16, 1989, granting respondent’s motion for dismissal.
Family Court Act § 439 (e) provides in applicable part as follows: "The determination of a hearing examiner shall include findings of fact and a final order which shall be entered and transmitted to the parties. Specific written objections to such order may be submitted by either party to the court within thirty days after entry of the order. A party filing objections shall serve a copy of such objections upon the opposing party, who shall have thirteen days from such service to serve and file a written rebuttal to such objections. Proof of service upon the opposing party shall be filed with the court at the time of filing of objections and any rebuttal.” (Emphasis supplied.)
Petitioner’s specific written objections were timely filed on December 6, 1989, together with proof of service by mail of a copy of such written objections upon the respondent’s attorney. A written rebuttal to such objections was received from the respondent’s attorney on December 8, 1989; however, the only proof of service upon the opposing party is an indication on the letter that a copy was sent to Attorney Langwig.
In order to review the written objections of the petitioner, this Family Court Judge will not require a transcript of the proceedings before the Hearing Examiner (see, 22 NYCRR 205.37 [c]). Family Court Act § 439 (e) provides that the Family Court Judge based upon a review of the objections and rebuttal shall (i) remand one or more issues of fact to the Hearing Examiner, (ii) make with or without holding a new hearing his own findings of fact and order, or (iii) deny the objections.
The petition of the Commissioner of Social Services of Schoharie County seeks support for the respondent’s husband and two stepchildren who are recipients of public assistance. The Hearing Examiner dismissed the petition based upon the fact that a divorce action is pending between the parties in Delaware County wherein Donald C. has made a motion for temporary maintenance. The Hearing Examiner stated that: "The assignment of support rights by the petitioner cannot effectively assign rights he does not have, nor grant jurisdiction to this Court when prior jurisdiction is with the Supreme Court.”
*221 Family Court Act § 415 provides that the spouse or parent of a recipient of public assistance or care or of a person likely to become in need thereof is responsible for the support of such person — and that in its discretion, the Family Court may require any such person to contribute a fair and reasonable sum for the support of such relative as may be just and appropriate in view of the needs of the petitioner and the other circumstances of the case. Family Court Act §415 provides that stepparents shall in like manner be responsible for the support of children under the age of 21 years.
Family Court Act § 464 (b) provides that in the absence of an order by the Supreme Court granting temporary or permanent support or maintenance, the the Family Court during the pendency of a divorce action may entertain a petition and may make an order under section 445 of the Family Court Act for a spouse who is likely to become in need of public assistance or care.
Even when a divorce action is pending, the Commissioner of Social Services upon granting public assistance to a spouse, children, or stepchildren is not authorized to proceed in the Supreme Court of the same or ánother county to seek to obtain a contribution of support from a responsible relative, nor can he be relegated to taking no action whatsoever.
The Commissioner of Social Services of Schoharie County who brings this support proceeding on behalf of the taxpayers of the County of Schoharie and State of New York is not a party to the action for divorce, and is not bound by any determination made by the Supreme Court except an order granting temporary or permanent support or maintenance (see, Family Ct Act § 464 [b]).
Attorney Spinney in his written rebuttal to the objections of the Department of Social Services states that the Supreme Court on December 1, 1989 denied Mr. C.’s application for temporary maintenance. If any such decision was made, such decision was made after the Hearing Examiner’s order of dismissal dated November 15, 1989, and in any event would not appear to be res judicata as to the application of the Commissioner of Social Services of Schoharie County which is made on a "public charge basis” on behalf of the taxpayers.
Furthermore, the obligation imposed by the Legislature to support stepchildren who are the recipients of public assistance or liable to become in need thereof is distinct and peculiar to Family Court Act §415, and could not possibly *222 have been determined by the Supreme Court. The Family Court of Schoharie County is the only court of competent jurisdiction to hear and determine the application made by the Commissioner of Social Services of Schoharie County pursuant to Family Court Act § 415 seeking support from the respondent for stepchildren on public assistance. To fail to entertain the petition was an abuse of the discretion granted to the Family Court in Family Court Act § 464 (b).
For the foregoing reasons, this court holds and determines that the petitioner’s objections should be sustained, and that this proceeding should be and the same hereby is remanded to the Hearing Examiner for a hearing, after which the Hearing Examiner should make findings of fact and exercise the discretion as provided in Family Court Act § 415 in determining whether or not to require the respondent to contribute a fair and reasonable sum for the support of her spouse and/or stepchildren as may be just and appropriate in view of the circumstances of the case.